UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA CASTANEDA GUERRA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OS RESTAURANT SERVICES, LLC,<br><br>　　　　Defendant. | Case No. 23-cv-05845-HSG<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 15 |

Pending before the Court is Defendant OS Restaurant Services, LLC's motion for judgment on the pleadings. Dkt. No. 15. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

## I.  BACKGROUND

Plaintiff Sonia Castaneda Guerra initially filed this putative class action in Contra Costa Superior Court against Defendant OS Restaurant Services, LLC and 50 unidentified "Doe" defendants. *See* Dkt. No. 1, Ex. A ("Compl."). Defendant OS Restaurant Services, LLC, removed the action to federal court based on the Class Action Fairness Act, 28 U.S.C. § 1332(d). Dkt. No. 1. Plaintiff seeks to represent a class of "all current and former non-exempt employees of Defendants in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or the class is certified." Compl. at ¶ 5. Defendant now moves for judgment on the pleadings and to dismiss or strike the class allegations as insufficiently pled. Dkt. No. 15.

## II.  LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for

1    judgment on the pleadings." Fed. R. Civ. P. 12(c).  Granting a judgment on the pleadings is
2    proper when, "taking all the allegations in the pleadings as true, the moving party is entitled to
3    judgment as a matter of law." *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir.
4    2017) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)).  "Because a Rule
5    12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review
6    applies to motions brought under either rule." *Id.* (quoting *Cafasso v. Gen. Dynamics C4 Sys.,*
7    *Inc.*, 637 F.3d 1047, 1054, n.4 (9th Cir. 2011) ) (quotation omitted).

8    "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *see also* Fed. R. Civ. P. 8(a) (requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief").  To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III. DISCUSSION

At bottom, the parties disagree on the level of detail required to plead plausible wage-and-hour claims.  Plaintiff urges that "[a] plaintiff alleging unpaid wages in violation of the Labor Code need only plead that she was employed by the defendant and worked compensable time for which she was not paid for." Dkt. No. 21 at 7.  The Court agrees with Defendant that such bare assertions are insufficient.  As this Court has previously explained, courts considering claims under the California Labor Code regularly apply the standard set forth in *Landers v. Quality*

United States District Court
Northern District of California

*Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26, 2015). *See, e.g.*, *Rubalcaba v. R&L Carriers Shared Servs., L.L.C.*, No. 23-CV-06581-HSG, 2024 WL 1772863, at *9, n.6 (N.D. Cal. Apr. 23, 2024). In *Landers*, the Ninth Circuit explained that although "detailed factual allegations" are not necessary to state a plausible wage-and-hour claim, "conclusory allegations that merely recite the statutory language" are insufficient. *Landers*, 771 F.3d at 644. The Ninth Circuit held that to state plausible claims for unpaid overtime and minimum wages, a plaintiff must "at minimum . . . allege at least one workweek when [she] worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages."[1] *Id.* at 646. Plaintiff's complaint currently only contains conclusory allegations that do not satisfy *Landers*.

### A. Meal and Rest Breaks (First and Second Causes of Action)

Plaintiff alleges that Defendant failed to afford her and other members of the putative class all earned meal and rest breaks in violation of California Labor Code §§ 226.7, 512(a), 1194, and 1197, as well as the Industrial Welfare Commission ("IWC") Wage Orders. *See* Compl. at ¶¶ 14–22. "To state a claim for failure to provide required rest or meal periods, [a plaintiff] must at least allege either a specific corporate policy prohibiting those breaks or a specific instance or instances in which he was denied a required break." *See, e.g.*, *Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-CV-09955-BLF, 2023 WL 322888, at *5 (N.D. Cal. Jan. 19, 2023); *Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016) ("The requirement in *Landers* that a plaintiff must plead a specific instance of alleged wage and hour violations also applies to claims about missed meal and rest periods.").

Plaintiff suggests that Defendant had "illegal payroll policies and practices," but does not offer any factual detail to support this assertion. Plaintiff offers no factual detail at all. Instead, she simply concludes that Defendant failed to provide her and other class members the statutorily required meal and rest breaks:

---

[1] Although *Landers* involved claims brought under the Fair Labor Standards Act, courts still routinely apply the standard in *Landers* to claims brought under the California Labor Code. *See Verduzco v. French Art Network LLC*, No. 23-CV-00771-BLF, 2023 WL 4626934, at *2 (N.D. Cal. July 18, 2023) (collecting cases).

3

- "Defendants required, permitted or otherwise suffered Plaintiff and Class Members to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to Plaintiff and Class Members . . . ." Compl. at ¶ 15.
- "Defendants failed to provide rest periods to Plaintiff and Class Members." *Id.* at ¶ 20.
- Defendants failed to "compensate Plaintiff and Class Members who were not provided with a meal period, in accordance with the applicable wage order . . . ." *Id.* at ¶ 16.

The Court agrees with Defendant that these allegations are plainly insufficient, and fail to plausibly allege a claim for failure to provide meal and rest breaks. *Accord Rubalcaba*, 2024 WL 1772863, at *11 ("Recapitulating the statutory standard – which is what Plaintiff does throughout the complaint – is no substitute for pleading a specific instance of meal and rest break violations, or a specific policy prohibiting appropriate meals and break times, which is his burden.").

**B.    Minimum and Overtime Wages (Third and Fourth Causes of Action)**

Plaintiff next alleges that Defendant failed to pay her and other members all minimum and overtime wages in violation of California Labor Code §§ 510, 1194, 1197, and 1198, as well as the IWC Wage Orders. *See* Compl. at ¶¶ 23–31. Under *Landers*, "[a]lthough plaintiffs . . . cannot be expected to allege with mathematical precision[] the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages," or in which they were "not paid minimum wages." 771 F.3d at 646 (quotation omitted). A plaintiff "may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.*

Plaintiff fails to do so. Once again, Plaintiff offers only generic and conclusory allegations that "Defendants failed to compensate Plaintiff and Class Members for all overtime hours worked as required" and "knowingly and willfully refused to perform their obligations to compensate

4

Plaintiff and Class Members for all wages earned and all hours worked." *See* Compl. at ¶¶ 25–26. Plaintiff asserts, for example, that Defendants:

> [F]ail[ed] to pay overtime at one and one-half (1 ½) or double the regular rate of pay . . . ; permit[ed] or suffer[ed] Plaintiff and Class Members to work off the clock; requir[ed], permit[ed] or suffer[ed] Plaintiff and Class Members to work through meal and rest breaks; illegally and inaccurately record[ed] time in which Plaintiff and Class Members worked; fail[ed] to properly maintain Plaintiff's and Class Members' records; [and] fail[ed] to provide accurate itemized wage statements to Plaintiff for each pay period.

*Id.* at ¶¶ 25, 30. Although Plaintiff suggests that such assertions render her claims plausible, *see* Dkt. No. 21 at 13–14, these are just recitations of legal requirements. "While Plaintiff need not identify a calendar week or particular instance where [s]he was denied wages, [s]he must plead specific facts that raise a plausible inference that such an instance actually occurred." *Rubalcaba*, 2024 WL 1772863, at *10 (quotation omitted).

### C. Final Wages at Termination (Fifth Cause of Action)

Plaintiff alleges that Defendant willfully failed to timely pay her and other putative class members their unpaid, earned wages upon termination in violation of California Labor Code §§ 201, 202, and 203. *See* Compl. at ¶ 32–38. As Plaintiff appears to acknowledge, this claim is derivative of her minimum wage, overtime, and meal and rest break claims. *See* Dkt. No. 21 at 15–16. The Court therefore finds that this claim is likewise insufficiently pled. The Court further notes that Plaintiff has not even stated whether she is a current or former employee, so it is not clear that she even has standing to bring this claim at all.

### D. Accurate and Compliant Wage Statements (Sixth Cause of Action)

Plaintiff alleges that Defendant failed to provide her with accurate and compliant wage statements in violation of California Labor Code § 226(a), which requires "an accurate itemized statement in writing" showing nine specific items. *See* Compl. at ¶¶ 39–42. "To establish liability for a section 226(a) violation, an employee must demonstrate: (1) a failure to include in the wage statement one or more of the required items from Section 226(a); (2) that failure was knowing and intentional; and (3) a resulting injury." *Rubalcaba*, 2024 WL 1772863, at *14 (quotation omitted).

1  Here, Plaintiff makes no effort to provide factual allegations to support any of these requirements.
2  She merely asserts that Defendant "knowingly and intentionally" failed to provide timely and
3  accurate wage statements.  Compl. at ¶ 41.  As explained above, merely parroting the statutory
4  requirements of a claim is insufficient.

### E. Accurate and Compliant Payroll Records (Seventh Cause of Action)

Plaintiff also alleges that Defendant knowingly and intentionally failed to maintain accurate payroll records, in violation of California Labor Code §§ 226 and 1174, as well as the IWC Wage Orders.  *See* Compl. at ¶¶ 43–45.  Defendant argues that Plaintiff has not provided any factual allegations that Defendant failed to maintain such records.  It also urges that Plaintiff lacks a private right of action to bring a claim directly under California Labor Code § 1174.  *See* Dkt. No. 15 at 18–19.  Plaintiff may only pursue this claim as a private attorney general under California Labor Code §§ 2698, *et. seq.* ("PAGA").  *See Nicholas v. Uber Techs., Inc.*, No. 19-CV-08228-PJH, 2020 WL 7173249, at *8 (N.D. Cal. Dec. 7, 2020)  (citing *Noe v. Superior Court*, 237 Cal. App. 4th 316, 339 (Cal. Ct. App. 2015)).  Plaintiff does not appear to respond to these arguments at all, and the Court therefore finds that dismissal is warranted on this basis.

### F. Indemnifying Necessary Business Expenses (Eighth Cause of Action)

Plaintiff alleges that Defendant failed to indemnify her for necessary business expenses in violation of California Labor Code §§ 2800 and 2802.  *See* Compl. at ¶¶ 46–49.  As with the other claims discussed above, this too falls short.  Plaintiff alleges that "Defendants knowingly and willfully failed to indemnify Plaintiff and Class Members for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working for Defendant, including but not limited to expenses for personal cell phone use and other employment-related expenses . . . ."  *Id.* at ¶ 48.  Plaintiff fails to include any factual detail, including under what circumstances she needed to use her personal cell phone, what costs she incurred in doing so, or how Defendant was notified.  *See, e.g.*, *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1078 (9th Cir. 2020) (rejecting claim for reimbursement of phone expenses where the plaintiff failed to provide "specific, non-conclusory facts about how she made the calls or what costs she incurred").

//

**G.      Unfair Competition Law (Ninth Cause of Action)**

In addition to the California Labor Code violations discussed above, Plaintiff also alleges that Defendant violated the "unlawful" prong of California's Unfair Competition Law ("UCL"). *See* Compl. at ¶¶ 50–55.  Because the Court concludes that each of Plaintiff's other claims for relief fail as a matter of law, Plaintiff's UCL claim—which relies on the violations of the California Labor Code and IWC Wage Orders—also fails on this basis.  *See Rubalcaba*, No. 2024 WL 1772863, at *16.

**H.      PAGA  Claim**

The parties appear to agree that Plaintiff's PAGA claim is similarly derivative of her other causes of action.  *Compare* Dkt. No. 15 at 23–24, *with* Dkt. No. 21 at 19; *see also* Compl. at ¶¶ 56–60.  Accordingly, the PAGA claim fails for the same reasons discussed above.

**I.      Class Allegations**

In her opposition brief, Plaintiff also fails to address Defendant's argument concerning the sufficiency of her class allegations.  *See* Dkt. No. 21.  Plaintiff does not even allege her job title or responsibilities as an employee of Defendant, let alone explain how her experiences are representative of the experiences of other employees.  These allegations therefore fall short and this case is one of the rare instances in which it is appropriate to dismiss the class allegations.  *See, e.g.*, *Mish v. TForce Freight, Inc.*, No. 21-CV-04094-EMC, 2021 WL 4592124, at *8 (N.D. Cal. Oct. 6, 2021) ("Generally compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim," but "district courts do dismiss class allegations on a 12(b)(6) motion, applying the *Twombly/Iqbal* standard, where the complaint lacks *any* factual allegations and reasonable inferences that establish the plausibility of class allegations.") (emphasis in original) (quotation omitted); *Rubalcaba*, 2024 WL 1772863, at *16.

*       *       *

In short, Plaintiff's threadbare complaint does not state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570.

**IV.   CONCLUSION**

Accordingly, the Court **GRANTS** the motion for judgment on the pleadings and

7

1 **DISMISSES** the class allegations. Dkt. No. 15. Despite the obvious deficiencies, Plaintiff nevertheless asserts that if given the opportunity she could allege additional facts to support her claims. *See* Dkt. No. 21 at 1, 19–20. As with a Rule 12(b)(6) motion to dismiss, a court granting judgment on the pleadings under Rule 12(c) should grant leave to amend even if no request for leave to amend has been made, unless it is clear that amendment would be futile. *See Pac. W. Grp., Inc. v. Real Time Solutions, Inc.*, 321 Fed. App'x 566, 569 (9th Cir. 2008). At this stage in the litigation, the Court cannot say that amendment would be futile. Plaintiff may therefore file an amended complaint within 21 days of the date of this order.

The Court further **SETS** case a case management conference on October 8, 2024, at 2:00 p.m. The hearing will be held by Public Zoom Webinar. All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg. All attorneys and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities. The parties are further **DIRECTED** to file a joint case management statement by October 1, 2024.

**IT IS SO ORDERED.**

Dated: 8/28/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge