**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
JOSHUA D. BOXER (SBN 226712)
jboxer@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

**MATERN LAW GROUP, PC**
COREY B. BENNETT (SBN 267816)
cbennett@maternlawgroup.com
1330 Broadway, Suite 436
Oakland, CA 94612
Telephone: (310) 531-1900
Facsimile:  (310) 531-1901

Attorneys for Plaintiff
SONIA CASTANEDA GUERRA,
individually and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA CASTANEDA GUERRA, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OS RESTAURANT SERVICES LLC dba FLEMING'S, a Florida corporation; ; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 23-cv-05845-HSG<br><br><u>CLASS ACTION</u><br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Failure to Provide Required Meal Periods<br>2. Failure to Provide Required Rest Periods<br>3. Failure to Pay Overtime Wages<br>4. Failure to Pay Minimum Wages<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Furnish Accurate Itemized Wage Statements<br>7. Failure to Maintain Required Records<br>8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>9. Unfair and Unlawful Business Practices<br>10. Penalties under the Labor Code Private Attorneys General Act, as Representative Action<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

**FIRST AMENDED COMPLAINT**

# INTRODUCTION

Plaintiff SONIA CASTANEDA GUERRA ("PLAINTIFF"), an individual, demanding a jury trial, on behalf of herself and all other persons similarly situated, hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 42 U.S.C.A. section 2000e-5(f)(3) the unlawful employment practices alleged in this Complaint occurred in this district.

## PARTIES

3. PLAINTIFF is a resident and citizen of the State of California and was an employee of OS RESTAURANT SERVICES LLC dba FLEMING'S in Walnut Creek, California, during the relevant time period.

4. PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or the class is certified (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

5. Defendant OS RESTAURANT SERVICES LLC dba FLEMING'S ("DEFENDANT" or "FLEMING'S), is, and at all times relevant hereto was, a Florida corporation. PLAINTIFF is further informed and believes, and thereon alleges, that OS RESTAURANT SERVICES LLC dba FLEMING'S, is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, Defendant OS RESTAURANT SERVICES LLC dba FLEMING'S, maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, this judicial district.

6. At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANT under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANT acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums;

-2-
**FIRST AMENDED COMPLAINT**

failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

7. PLAINTIFF is informed and believes, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, DEFENDANT and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

8. Pursuant to California Labor Code § 558.1, DEFENDANT and any person acting on behalf of any of DEFENDANT, is liable for violating, or causing to violate, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802.

9. As a direct and proximate result of the unlawful actions of DEFENDANT, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

10. Throughout her employment, from 2016 until 2022, PLAINTIFF worked in the kitchen of Fleming's, a steakhouse in Walnut Creek, California, and reported to Isaias Ilisale, a kitchen lead.

11. PLAINTIFF generally worked 40 or more hours per week until late in her employment when her schedule was reduced to roughly 30 hours per week.

12. Throughout her employment, PLAINTIFF did not take meal or rest breaks unless and until she was instructed to by her supervisors.

13. PLAINTIFF suffered missed, interrupted, or late rest breaks on a daily basis because, according to her supervisors, the workload would not allow breaks. At least a few times each week, PLAINTIFF did not take a timely, uninterrupted 30-minute meal break. On those occasions, she was told that her supervisors would adjust her time records to indicate that she had a compliant meal break.

14. DEFENDANT'S records largely reflect that practice. In the 2022 calendar year, for example,

-3-
**FIRST AMENDED COMPLAINT**

DEFENDANT paid PLAINTIFF just one premium of $22.00, but failed to do so for countless other violations.

15. Those same records further reveal PLAINTIFF was paid for roughly four hours of overtime per month in 2022—a fraction of the amount of overtime and off-the-clock wages she was owed.

16. Throughout her employment, approximately three days a week, PLAINTIFF'S supervisors required her to perform additional duties for up to 40 minutes after she had clocked out—work that was not compensated.

17. The combination of DEFENDANT'S meal and rest period violations and the practice of requiring off-the-clock work resulted in PLAINTIFF being denied overtime compensation at one and one-half times her regular rate ($22/hour). On occasions where she suffered meal and rest period violations on the same shift, and was forced to work off-the-clock, it also resulted in PLAINTIFF being compensated less than the applicable minimum wage.

18. Throughout her employment, PLAINTIFF purchased items for work that were not reimbursed. Specifically, she purchased shoes roughly every two months, each of which cost between $80-120. She also purchased pants every few months, each of which cost approximately $30. DEFENDANT provided shirts, but did not reimburse her for pants or shoes.

19. On or about May 18, 2023, PLAINTIFF resigned. Upon her departure, she was not paid all wages due—namely, years of unpaid premiums and off-the-clock wages.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this lawsuit as a class action on their own behalf and on behalf of all other persons similarly situated as members of the proposed Class, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), and/or (b)(1), (b)(2), and/or (c)(4).

21. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

22. The proposed Class is defined as follows:

All non-exempt employees of Defendant in the State of California during the class period.

23. Excluded from the Classes are: (A) Defendant, any entity or division in which Defendant have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (B)

the Judge to whom this case is assigned and the Judge's staff; and (C) anyone employed by counsel in this action. Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that any Class should be expanded, divided into additional subclasses, or modified in any other way.

### A. Numerosity and Ascertainability

24.     While the exact number of Class members is uncertain, the size of the Classes can be estimated with reasonable precision, and the number is great enough that joinder is impracticable.

25.     As of the filing of this complaint, Defendant operates 12 Fleming's restaurants in California and likely employs several hundred non-exempt workers across those locations.

26.     Class members are readily identifiable from information and records in possession, custody, or control of Defendant and Class members.

### B. Typicality

27.     The claims of the representative Plaintiff are typical of the claims of the Classes in that the representative Plaintiff, like all Class members, was a non-exempt employee of Defendant during the class period. As such, the representative Plaintiff, like all Class members, was damaged by Defendant's misconduct in that she has suffered actual damages as a result of her employment with Defendant. Furthermore, the factual bases of Defendant's misconduct represent a common thread of misconduct resulting in injury to all Class members.

### C. Adequate Representation

28.     Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting employment class actions.

29.     Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have interests adverse to those of the Class.

### D. Predominance of Common Issues

30.     There are numerous issues of law and fact common to Plaintiff and Class members that predominate over any issue affecting only individual Class members.

31. Resolving these common issues will advance resolution of the litigation as to all Class members. These common legal and factual issues include, but are not limited to:

    a. Defendant's practices and procedures regarding meal and rest periods;

    b. Defendant's practices and procedures regarding off-the-clock work;

    c. Whether Defendant required non-exempt workers to sign meal waivers;

    d. Defendant's timekeeping and payroll practices; and

    e. Whether Plaintiff and Class members are entitled to an award of reasonable attorneys' fees and costs.

**E. Superiority**

32. Plaintiff and Class members have suffered, and will continue to suffer, harm as a result of Defendant's uniformly unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. Without a class action, many, if not most, Class members would likely find the cost of litigating their claims prohibitively high and would have no effective remedy at law. Because of the modest size of individual Class members' claims, it is likely that few, if any, Class members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class members' damages will go uncompensated, and Defendant's misconduct and ill-gotten gains will persist and go unpunished.

34. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

35. Defendant has acted uniformly manner with respect to the Plaintiff and Class members.

36. Notice to the proposed class will be accomplished through emailing, first-class mail (to the extent physical addresses are available), and otherwise through publication.

37. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this Class Action Complaint that would preclude its maintenance as a class action.

//

//

**FIRST CLAIM FOR RELIEF**

**Failure to Provide Required Meal Periods**

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 5-2001, § 11]**

**(Against DEFENDANT)**

38. PLAINTIFF incorporates by specific reference, as though fully set forth herein, the factual allegations in the foregoing paragraphs.

39. During the CLASS PERIOD, as part of DEFENDANT'S illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANT required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 5-2001, § 11.

40. DEFENDANT further violated California Labor Code §§ 226.7 and IWC Wage Order No. 5-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

41. DEFENDANT further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 5-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

42. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

**SECOND CLAIM FOR RELIEF**

**Failure to Provide Required Rest Periods**

**[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 5-2001, § 12]**

**(Against DEFENDANT)**

43. PLAINTIFF incorporates by specific reference, as though fully set forth herein, the factual allegations in the foregoing paragraphs.

**FIRST AMENDED COMPLAINT**

44. At all times relevant herein, as part of DEFENDANT'S illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANT failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 5-2001, § 12.

45. DEFENDANT further violated California Labor Code § 226.7 and IWC Wage Order No. 5-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

46. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## THIRD CLAIM FOR RELIEF

### Failure to Pay Overtime Wages

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 5-2001, § 3]**

**(Against DEFENDANT)**

47. PLAINTIFF incorporates by specific reference, as though fully set forth herein, the factual allegations in the foregoing paragraphs.

48. Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 5-2001, § 3, DEFENDANT is required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

49. PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 5-2001. During the CLASS PERIOD, DEFENDANT failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular

rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 5-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

50. In violation of California law, DEFENDANT has knowingly and willfully refused to perform its obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANT to fully perform its obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

51. DEFENDANT'S conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 5-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

**FOURTH CLAIM FOR RELIEF**

**Failure to Pay Minimum Wages**

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 5-2001, § 4]**

**(Against DEFENDANT)**

52. PLAINTIFF incorporates by specific reference, as though fully set forth herein, the factual allegations in the foregoing paragraphs.

53. Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 5-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

54. During the CLASS PERIOD, DEFENDANT failed to pay PLAINTIFF and CLASS

MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF'S and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

55. DEFENDANT'S conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 5-2001, § 4. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANT, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CLAIM FOR RELIEF

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against DEFENDANT)**

56. PLAINTIFF incorporates by specific reference, as though fully set forth herein, the allegations in the foregoing paragraphs.

57. Pursuant to California Labor Code § 201, 202, and 203, DEFENDANT is required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

58. Furthermore, pursuant to California Labor Code § 202, DEFENDANT is required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

59. California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance

with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

60. During the CLASS PERIOD, DEFENDANT has willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

61. As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

62. As a proximate result of DEFENDANT'S unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

## SIXTH CLAIM FOR RELIEF

**Failure to Furnish Accurate Itemized Wage Statements**

[Cal. Labor Code §§ 226; IWC Wage Order No. 5-2001, § 7]

**(Against DEFENDANT)**

63. PLAINTIFF incorporates by specific reference, as though fully set forth herein, the factual allegations in the foregoing paragraphs.

64. During the CLASS PERIOD, DEFENDANT routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, the number of piece-rate units earned and any applicable piece rate, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, the inclusive dates of the period for which the employee is paid, only the last four digits of the employees social security number or an employee identification number other than a social security number, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 5-2001, § 7.

**FIRST AMENDED COMPLAINT**

65. During the CLASS PERIOD, DEFENDANT knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

66. As a proximate result of DEFENDANT'S unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CLAIM FOR RELIEF

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 5-2001, § 7]

### (Against DEFENDANT)

67. PLAINTIFF incorporates by specific reference, as though fully set forth herein, the allegations in the foregoing paragraphs.

68. During the CLASS PERIOD, as part of DEFENDANT'S illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANT knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 5-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

69. As a proximate result of DEFENDANT'S unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

**EIGHTH CLAIM FOR RELIEF**

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against DEFENDANT)**

70. PLAINTIFF incorporates by specific reference, as though fully set forth herein, the factual allegations in the foregoing paragraphs.

71. California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

72. During the CLASS PERIOD, DEFENDANT knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANT, including but not limited to expenses for personal cell phone use and other employment-related expenses, in violation of California Labor Code § 2802.

73. As a proximate result of DEFENDANT'S unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

**NINTH CLAIM FOR RELIEF**

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

**(Against DEFENDANT)**

74. PLAINTIFF incorporates by specific reference, as though fully set forth herein, the factual allegations in the foregoing paragraphs.

75. Each and every one of DEFENDANT'S acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to

-13-

**FIRST AMENDED COMPLAINT**

DEFENDANT'S failure and refusal to provide required meal periods, DEFENDANT'S failure and refusal to provide required rest periods, DEFENDANT'S failure and refusal to pay overtime compensation, DEFENDANT'S failure and refusal to pay minimum wages, DEFENDANT'S failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANT'S failure and refusal to furnish accurate itemized wage statements; DEFENDANT'S failure and refusal to maintain required records, DEFENDANT'S failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

76. DEFENDANT'S violations of California wage and hour laws constitute a business practice because DEFENDANT'S aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

77. DEFENDANT has avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANT has failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

78. As a result of DEFENDANT'S unfair and unlawful business practices, DEFENDANT has reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANT should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

79. DEFENDANT'S unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANT accounts for, disgorges, and restores to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANT in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

//

//

**TENTH CLAIM FOR RELIEF**

**Representative Action for Civil Penalties**

**[Cal. Labor Code §§ 2698–2699.5]**

**(Against DEFENDANT)**

80. PLAINTIFF incorporates by specific reference, as though fully set forth herein, the factual allegations in the foregoing paragraphs.

81. PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other current and former employees of DEFENDANT pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF was employed by DEFENDANT and one or more of the alleged violations of the California Labor Code was committed against PLAINTIFF.

82. Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 256, 558, 1174.5, 1197.1, and IWC Wage Order No. 5-2001, § 20, from DEFENDANT in a representative action for the violations set forth above committed against herself and other aggrieved employees of DEFENDANT, including but not limited to violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF is also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

83. Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on May 8, 2023 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANT of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

84. Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

//

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANT as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANT'S unfair and unlawful business practices;

3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 5-2001;

4. For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5. For preliminary and permanent injunctive relief enjoining DEFENDANT from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6. For waiting time penalties pursuant to California Labor Code § 203;

7. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

8. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 1194, 2699, 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10. For declaratory relief;

11. For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12. For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

For such further relief that the Court may deem just and proper.

DATED:  September 17, 2024

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: _____
MATTHEW J. MATERN
JOSHUA D. BOXER
COREY B. BENNETT
Attorneys for Plaintiff SONIA CASTANEDA GUERRA, individually and on behalf of all others similarly situated

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

Respectfully submitted,

DATED: September 17, 2024

**MATERN LAW GROUP, PC**

BY: MATTHEW J. MATERN
JOSHUA D. BOXER
COREY B. BENNETT
Attorneys for Plaintiff SONIA CASTANEDA GUERRA, individually and on behalf of all others similarly situated